**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ezequiel Casillas; Sonia Casillas, | CV 12-01474-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| American Family Mutual Insurance Co., | |
| Defendant. | |

The court has before it plaintiffs' motion to remand (doc. 9) and defendant's response (doc. 11). Plaintiffs did not reply, and the time for replying has expired.

This action arises from a 2008 car accident that injured Ezequiel Casillas, an Arizona resident. On October 12, 2011, plaintiffs brought an action in the Superior Court of Arizona in Maricopa County against American Family Mutual Insurance ("American Family"), Ezequiel's insurance company, as well as insurance adjuster Maureen Roberts, an Arizona resident. The complaint asserts a breach of contract claim against American Family, and a bad faith claim against both American Family and Roberts. Mot., ex. 1. American Family was served on October 13, 2011. On June 21, 2012, the Superior Court, over plaintiffs' objection, granted Roberts's motion to dismiss for failure to state a claim. American Family removed to this court on July 9, 2012 (doc. 1).

An action is removable from state court if it could have been originally filed in federal court. See 28 U.S.C. § 1441(a). A notice of removal must be filed within 30 days after

1 defendant's receipt of the initial pleading. <u>Id.</u> § 1446(b)(1).  However, if the action is not
2 removable based on the initial pleading, the defendant may file a notice of removal within
3 30 days after receiving "a copy of an amended pleading, motion, order or other paper from
4 which it may <u>first be ascertained</u> that the case is one which is or has become removable." <u>Id.</u>
5 § 1446(b)(3) (emphasis added).

6       American Family concedes that there was not complete diversity between the parties
7 when the complaint was filed.  It argues, however, that the action is nevertheless removable
8 because Roberts, the non-diverse defendant, was fraudulently joined.  When a defendant is
9 fraudulently joined, her presence in the lawsuit is ignored for diversity purposes.  <u>Morris v.</u>
10 <u>Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001).  A defendant is fraudulently
11 joined if the plaintiff fails to state a claim against her and that failure is obvious pursuant to
12 settled state law. <u>Id.</u>  However, if after accepting the facts in the complaint as true, the court
13 concludes that plaintiff "can possibly state a claim" against the non-diverse defendant, the
14 defendant has not been fraudulently joined and the action must be remanded.  <u>Ballesteros v.</u>
15 <u>Am. Standard Ins. Co. of Wis.</u>, 436 F. Supp. 2d 1070, 1073 (D. Ariz. 2006).

16       Here, American Family argues that removal was timely because the notice of removal
17 was filed within 30 days of the Superior Court's ruling granting Roberts's motion to dismiss.
18 But according to American Family's argument, Roberts was fraudulently joined because it
19 was clearly settled under Arizona law that a bad faith claim cannot be asserted against an
20 insurance adjuster.  The Arizona appellate cases cited by American Family to support this
21 argument were decided in 1991 and 1999.  Indeed, American Family argues that "plaintiffs
22 never had a viable claim against Defendant Roberts." <u>Resp.</u> at 9.  Thus, under American
23 Family's theory of fraudulent joinder, all it needed to look at to determine that Roberts was
24 fraudulently joined was the complaint.  The Superior Court's granting of Roberts's motion
25 to dismiss in June 2012, in other words, was not the document from which American Family
26 could have "first [] ascertained that the case is one which is or has become removable."  28
27 U.S.C. § 1446(b)(3). That was the complaint, which it was served with on October 13, 2011.
28 Thus, American Family's notice of removal, which was filed almost 9 months after it was

1    served with the initial pleading, is untimely. See id. § 1446(b)(1).

2        Moreover, even if the notice of removal was timely, this court has previously rejected
3    American Family's argument that an insurance adjuster was fraudulently joined, after
4    concluding that Arizona law concerning a bad faith claim brought against an insurance
5    adjuster is ambiguous. Allo v. Am. Family Mut. Ins. Co., No. CV-08-0961-PHX-FJM, 2008
6    WL 4217675, at *2-*3 (D. Ariz. Sept. 12, 2008); see also Ballesteros, 436 F. Supp. 2d at
7    1077; Wapniarski v. Allstate Ins. Co., No. CV-10-0823-PHX-LOA, 2010 WL 2534167, at
8    *5 (D. Ariz. June 18, 2010). No cases cited by American Family here warrant a different
9    conclusion. Thus, even if the notice of removal was timely, we would still conclude that
10   Roberts was not fraudulently joined and would remand on that basis.

11       Plaintiffs request an award of costs and attorneys' fees pursuant to 28 U.S.C. §
12   1447(c). That statute gives the court discretion to award fees and costs where removal was
13   incorrect as a matter of law. Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102,
14   1106 n.6 (9th Cir. 2000). Both the untimely removal of this action and the ambiguity in
15   Arizona law demonstrate that American Family's removal was incorrect as a matter of law.
16   An award of fees and costs to plaintiffs is therefore warranted. If the parties are unable to
17   agree on a reasonable sum, they may file supporting documentation and memoranda pursuant
18   to LRCiv 54.2.

19       **IT IS ORDERED GRANTING** plaintiffs' motion to remand (doc. 9). The Clerk
20   shall remand this action to the Superior Court of Arizona in Maricopa County.

21       DATED this 14th day of September, 2012.

23       /s/ Frederick J. Martone
24       Frederick J. Martone
    United States District Judge